**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.**<br>**213 W. Street Road**<br>**Feasterville, Pennsylvania 19053**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**COREY STEVENS**<br>**3020 Clearcreek Rd SW**<br>**Lancaster Ohio 43130**<br><br>**JAYME WISEMAN-STEVENS**<br>**3020 Clearcreek Rd SW**<br>**Landcaster Ohio 43130**<br><br>**And**<br><br>**TTT TAVERN LLC, dba Tarlton Town Tavern**<br>**220 W. Main Street**<br>**Tarlton Ohio 43154**<br><br>**Defendants.** | **Case No.: 2:26-cv-1657**<br><br>**COMPLAINT** |

**PLAINTIFF ALLEGES:**

**JURISDICTION**

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable &

Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq, and* U.S. Copyright Act, Title 17 U.S. Section, 106, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Programs* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Ohio

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Pickaway County and/or the United States District Court for the Southern District of Ohio has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, Joe Hand Promotions Inc at all relevant times mentioned was and is, a Pennsylvania corporation with its principal place of business located at 213 W. Street Road, Feasterville, PA 19053.

7. Defendants COREY STEVENS and JAYME WISEMAN-STEVENS, at the relevant times were the principal owners, managing members and owner/operators of Defendant, TTT TAVERN LLC and through that company operated the commercial establishment doing business as Tarlton Town Tavern, which is or was operating at **220 W. Main Street Tarlton Ohio 43154**.

8. Upon information and belief, Defendant COREY STEVENS is the individual specifically identified on the Ohio Department of Liquor License issued for Tarlton Town Tavern, as Members.

9. Plaintiff is informed and believes and alleges thereon that on November 16 2024 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendants COREY STEVENS and JAYME WISEMAN-STEVENS had the right and ability to supervise the activities of those employees of Tarlton Town Tavern, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on November 16 2024 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant COREY STEVENS as the individual specifically identified on the liquor license for Tarlton Town Tavern, JAYME WISEMAN-STEVENS as a manager or operator for Tarlton Town Tavern, and Defendant TTT TAVERN LLC as the corporate operator of Tarlton Town Tavern all had the obligation to supervise the activities of Tarlton Town Tavern, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on November 16, 2024 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant COREY STEVENS, JAYME WISEMAN-STEVENS, and/or TTT TAVERN

LLC specifically directed the employees of Tarlton Town Tavern to unlawfully intercept and broadcast Plaintiff's *Programs* at Tarlton Town Tavern or that the actions of the employees of Tarlton Town Tavern are directly imputable to Defendants COREY STEVENS, JAYME WISEMAN-STEVENS, and TTT TAVERN LLC by virtue of their respective acknowledged responsibility for the actions of Tarlton Town Tavern.

12. Plaintiff is informed and believes, and alleges thereon that on November 16, 2024, Defendant COREY STEVENS and JAYME WISEMAN-STEVENS, had an obvious and direct financial interest in the activities of Tarlton Town Tavern's operations, which included the unlawful interception of Plaintiff's *Program.*

13. Plaintiff is informed and believes and alleges thereon that the unlawful broadcasts of Plaintiff's *Program*, as supervised and/or authorized by Defendants COREY STEVENS, JAYME WISEMAN-STEVENS and TTT TAVERN LLC resulted in increased profits for Tarlton Town Tavern.

14. Plaintiff is informed and believed and alleges thereon that Defendant COREY STEVENS and JAYME WISEMAN-STEVENS, are the individuals with dominion, control, oversight and management of the commercial establishment doing business as Tarlton Town Tavern.

**<u>COUNT I</u>**

**(Violation of Title 47 U.S.C. Section 605)**

15. Plaintiff Joe Hand Promotions Inc, hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the following events all of which were telecast via pay-per-view nationwide:

a) UFC 309 Championship MMA Program Saturday November 16, 2024.

b) In addition to UFC 309, Plaintiff has reason to believe that the Defendants also violated Plaintiff's rights as to Pay-per-View event known Jake Paul v Nate Diaz a separate Event that took place on August 5, 2023.

Collectively herein after referred to as the "*Programs*".

17. Pursuant to contract, Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Ohio by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Programs* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Programs*, Plaintiff, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Programs* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Programs* were not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Programs* at the time of its transmission at their commercial establishment in Tarlton, Ohio, and that the Defendants previously unlawfully intercepted, received and exhibited other Events where the Plaintiff held the exclusive commercial rights.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Programs* for which Plaintiff, had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq*.

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff, has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i); and also

(b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**COUNT II**

**(Violation of Title 47 U.S.C. Section 553)**

25. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Programs* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq*.

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq*.

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq*., Plaintiff, has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff, is entitled to the following from each Defendant:

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory and enhanced damages in the amount of $110,000.00 against the Defendants for each violation, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory and enhanced damages in the amount of $60,000.00 against the Defendants for each violation, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

/s/ Jeffrey L. Koberg

**LAW OFFICES OF TIMOTHY M SULLIVAN**
Jeffrey L. Koberg (0047386)
18013 Cleveland Industrial Parkway 180
Cleveland, Ohio 44135
216-762-1700
jkoberg@tmslaw.net
Attorneys for Plaintiff
Joe Hand Promotions Inc